FILED
NOVEMBER 26, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS ENRIQUE SANCHEZ, on behalf of himself and all other persons similarly situated known and unknown, | ) ) ) ) | **07 C 6616** |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | **JUDGE ASPEN** |
| ATRIUM, INC., JORGE MENDEZ d/b/a KARLA LANDSCAPING, and KATHLEEN BRUNCH, individually, | ) ) ) ) | **MAGISTRATE JUDGE DENLOW** |
| Defendants. | ) ) | |

### COMPLAINT

Plaintiff Luis Enrique Sanchez, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendants Atrium, Inc., Jorge Mendez d/b/a Karla Landscaping, and Kathleen Brunch, individually, (collectively "Defendants") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees. During the course of Plaintiff's employment, Defendants did not pay Plaintiff overtime wages for time worked in excess of forty (40) hours per week. Defendants' unlawful compensation practices have had the effect of denying Plaintiff his earned wages. Plaintiff brings this case as a representative action under 29 U.S.C. §216(b). A copy of Plaintiff's consent form to act as a representative Plaintiff is attached

hereto as Exhibit A.

**THE PARTIES**

2. At all material times hereto, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(e)(1), and the IMWL, 820 ILCS 105/3(d). Plaintiff resides in and is domiciled within this judicial district.

3. Defendant Atrium, Inc. is an Illinois corporation doing business within this judicial district. Defendant Atrium, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

4. Defendant Atrium, Inc.'s annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes in the years 2004, 2005, 2006, and 2007.

5. Defendant Atrium, Inc. is Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C § 203(d), and the IMWL, 820 ILCS 105/3.

6. Defendant Kathleen Brunch is involved in the day to day business operations of Atrium, Inc. Among other things, Defendant Kathleen Brunch has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

7. Defendant Kathleen Brunch is Plaintiff's "employer" as that term is defined by the IMWL, 820 ILCS 105/3, and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. Defendant Kathleen Brunch resides in this judicial district.

9. Defendant Jorge Mendez d/b/a Karla Landscape's principal place of business is located in Chicago, Illinois, within this judicial district.

10. Defendant Jorge Mendez d/b/a Karla Landscape is Plaintiff's "employer" as that term is defined by the IMWL, 820 ILCS 105/3, and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. Defendant Jorge Mendez resides in this judicial district.

12. Defendant Karla Landscaping is Plaintiff's "employer" as that term is defined by the IMWL, 820 ILCS 105/3, and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

13. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act -- Overtime Wages**
**(Plaintiff on his own behalf and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

14. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* for their failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked.

15. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

16. During the course of Plaintiff's employment by Defendants, Plaintiff was directed to work, and did so work, in excess of forty (40) hours per week.

17. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular

hourly rate of pay.

18. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours in individual workweeks.

19. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

20. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work in excess of forty (40) hours per week.

22. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law -- Overtime Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

4

23. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

24. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

25. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

26. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

27. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

28. Pursuant to 820 ILCS 105/12(a), Plaintiff was entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular hourly wage rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
## (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint.

29.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

30.     At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiff was Defendants' "employee" within the meaning of that Act.

31.     Defendants agreed to compensate Plaintiff for his work at the hourly rate agreed to by the parties.

32.     Defendants failed to pay Plaintiff for all time he worked in individual work weeks.

33.     Defendants violated the IWPCA, 820 ILCS 115/9, by failing to pay Plaintiff for all time he worked.

34.     Plaintiff has been damaged by Defendants' failure to pay him for all time he worked for Defendants.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

   A.   A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

   B.   Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

   C.   An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*; and

   D.   Such other and further relief as this Court deems appropriate and just.

Dated: November 26, 2007

Respectfully submitted,

s/Douglas M. Werman
Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC #6289000)
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff

# EXHIBIT A

Case 1:07-cv-06616   Document 1   Filed 11/26/2007   Page 8 of 9

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by Atrium, Inc and Salt Creek Design Associates, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Luis E. Sanchez_ (Print your name)

Signature: _Luis E. Sanchez_

Date on which I signed this Notice: _8/13/07_
(Today's date)