IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS ENRIQUE SANCHEZ, on behalf of himself and all other persons similarly situated known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07 C 6616 |
| ATRIUM, INC., JORGE MENDEZ d/b/a KARLA LANDSCAPING, and KATHLEEN BRUNCH, individually, | ) ) ) ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS ATRIUM, INC. AND KATHLEEN BRUCH**

Now come defendants Atrium, Inc. ("Atrium") and Kathleen Bruch (misnamed "Kathleen Brunch") (collectively Defendants), by and through their attorneys, Holland & Knight LLP, and for their answer to the Complaint, state as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA"), for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees. During the course of Plaintiff's employment, Defendants did not pay Plaintiff overtime wages for time worked in excess of forty (40) hours per week. Defendants' unlawful compensation practices have had the effect of denying Plaintiff his earned wages. Plaintiff brings this case as a representative action under 29 U.S.C. § 216(b). A copy of Plaintiff's consent form to act as a representative Plaintiff is attached hereto as Exhibit A.

**ANSWER:**

Defendants Bruch and Atrium admit that this action asserts claims for overtime pay under the Fair Labor Standards Act ("FLSA") the Minimum Wage Law ("MWL") and the Illinois Wage Payment and Collection Act, that the FLSA claims are asserted on a collective basis, and that the Plaintiff has attached a form indicating his consent to act as representative plaintiff in a collective action. Defendants Bruch and Atrium deny that they have violated the FLSA and MWL as alleged, deny any other wrongful or unlawful conduct toward Plaintiff and deny each and every remaining allegation in this paragraph.

## THE PARTIES

2. At all material times hereto, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §203(e)(l), and the MWL, 820 ILCS 105/3(d). Plaintiff resides in and is domiciled within this judicial district.

**ANSWER:**

Atrium and Bruch admit that Plaintiff previously was an employee of Atrium as defined in the FLSA and the MWL. Atrium and Bruch lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in and is domiciled within this judicial district and therefore deny it, and deny each and every remaining allegation in this paragraph directed toward Atrium and/or Bruch.

3. Defendant Atrium, Inc. is an Illinois corporation doing business within this judicial district. Defendant Atrium, Inc. is an "enterprise" as defined by Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l)(A), 29 U.S.C. § 203(s)(l)(A).

**ANSWER:**

Except to admit that Atrium, Inc. is an Illinois corporation doing business in this judicial district, Defendants deny the allegations in this paragraph.

4. Defendant Atrium, Inc.'s annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes in the years 2004, 2005, 2006, and 2007.

**ANSWER:**

Admitted.

5. Defendant Atrium, Inc. is Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C § 203(d), and the IMWL, 820 ILCS 105/3.

**ANSWER:**

Atrium admits that it was at one time Plaintiff's employer within the meaning of the FLSA and MWL and deny each and every remaining allegation in this paragraph.

6. Defendant Kathleen Brunch is involved in the day to day business operations of Atrium, Inc. Among other things, Defendant Kathleen Brunch has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

**ANSWER:**

Admitted.

7. Defendant Kathleen Brunch is Plaintiff's employer as that term is defined by the IMWL, 820 ILCS 105/3, and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Denied.

8. Defendant Kathleen Brunch resides in this judicial district.

**ANSWER:**

Admitted.

9. Defendant Jorge Mendez d/b/a Karla Landscape's principal place of business is located in Chicago, Illinois, within this judicial district.

**ANSWER:**

Atrium and Bruch lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

10. Defendant Jorge Mendez d/b/a Karla Landscape is Plaintiff's "employer" as that term is defined by the MWL, 820ILCS 105/3, and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Atrium and Bruch lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

11. Defendant Jorge Mendez resides in this judicial district.

**ANSWER:**

Atrium and Bruch lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

12. Defendant Karla Landscaping is Plaintiff's "employer" as that term is defined by the MWL, 820 ILCS 105/3, and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Atrium and Bruch lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:**

Atrium and Bruch admit that this court has jurisdiction over the claims asserted and that venue is proper in this judicial district, but deny that they engaged in any unlawful acts as alleged in this Complaint.

## COUNT I

Violation of the Fair Labor Standards Act — Overtime Wages
(Plaintiff on his own behalf and on behalf of similarly situated employees)

Plaintiff hereby realleges and incorporates paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

**ANSWER:**

Plaintiff hereby realleges and incorporates its answers to paragraphs 1 through 13 as if fully set forth herein.

14. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., for their failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked.

**ANSWER:**

Defendants Atrium and Bruch admit that this count alleges a violation of the Fair Labor Standards Act but deny that they violated the Fair Labor Standards Act or otherwise engaged in wrongful or unlawful conduct toward Plaintiff.

15. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

Admitted.

16. During the course of Plaintiff's employment by Defendants, Plaintiff was directed to work, and did so work, in excess of forty (40) hours per week.

**ANSWER:**

Defendants Atrium and Bruch admit that at times during Plaintiff's employment with Atrium he worked more than forty hours per week and deny each and every remaining allegation in this paragraph.

17. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

**ANSWER:**

Defendants Atrium and Bruch admit that 29 U.S.C. 29 U.S.C. § 207 so requires but deny any allegation that they violated this provision with respect to the Plaintiff.

18. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours in individual workweeks.

**ANSWER:**

Denied.

19. Defendants' failure and refusal to pay overtime wages for tune worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

Denied.

20. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:**

Denied.

21. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work in excess of forty (40) hours per week.

**ANSWER:**

Denied.

22. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for hours worked in excess of forty (40) hours per week.

**ANSWER:**

Denied.

### COUNT II

Violation of the Illinois Minimum Wage Law — Overtime Wages
(Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

**ANSWER:**

Defendants Atrium and Bruch restate their answers to Paragraphs 1-22 as though fully set forth herein.

23.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Admitted.

24.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

**ANSWER:**

Defendants Atrium and Bruch admit that this count alleges a violation of the overtime compensation provisions of the Illinois Minimum Wage Law, but deny that they violated the Illinois Minimum Wage Law or otherwise engaged in wrongful or unlawful conduct toward Plaintiff.

25.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

**ANSWER:**

Admitted.

26.     Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

**ANSWER:**

Defendants Atrium and Bruch admit that 820 ILCS 105/4(a) so requires but deny any allegation that they violated this provision with respect to the Plaintiff.

27. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for time worked in excess of forty (40) hours per week.

**ANSWER:**

Denied.

28. Pursuant to 820 ILCS 105/12(a), Plaintiff was entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:**

Denied.

## COUNT III

Violation of the Illinois Wage Payment and Collection Act — Unpaid Wages
(Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint.

**ANSWER:**

Defendants Atrium and Bruch restate their answers to Paragraphs 1-28 as though fully set forth herein.

29. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Admitted.

30. At all relevant times herein, Defendants were Plaintiff's employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiff was Defendants' "employee" within the meaning of that Act.

**ANSWER:**

Except to admit that Plaintiff was an employee of Atrium during certain periods, Defendants deny each and every allegation in this paragraph.

31. Defendants agreed to compensate Plaintiff for his work at the hourly rate agreed to by the parties.

**ANSWER:**

Except to admit that Atrium agreed to compensate Plaintiff for his work at the hourly rate agreed to by the parties, Defendants deny each and every allegation in this paragraph.

32. Defendants failed to pay Plaintiff for all time he worked in individual work weeks.

**ANSWER:**

Denied.

33. Defendants violated the IWPCA, 820 ILCS 115/9, by failing to pay Plaintiff for all time he worked.

**ANSWER:**

Denied.

34. Plaintiff has been damaged by Defendants' failure to pay him for all time he worked for Defendants.

**ANSWER:**

Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint is barred in whole or in part because it fails to state a claim upon which relief may be granted.

2. Plaintiff is not entitled to recover any damages incurred beyond the applicable statute of limitations.

3. Some or all of Plaintiff's claims may be subject to the de minimis rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

4. Plaintiff has failed to allege facts demonstrating that Defendant's alleged conduct was willful and merits a three-year statute of limitations.

5. Plaintiff is not entitled to liquidated damages because Defendants have at all times acted in good faith and with reasonable grounds for believing they were in compliance with the FLSA.

6. The named Plaintiff cannot bring this action in a representative capacity because he is not similarly situated to other workers.

7. Plaintiff's fails to state a claim under the Illinois Wage Payment and Collection Act because Defendants have at all times paid Plaintiff all wages that were agreed upon.

Respectfully submitted,

February 20, 2008

s/Todd D. Steenson
Todd D. Steenson (ARDC #6231486)
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL 60603
Telephone: 312-263-3600
Facsimile: 312-578-6666
E-mail: todd.steenson@hklaw.com

Attorneys for Atrium, Inc. and Kathleen Bruch

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2008, I electronically transmitted this **ANSWER** to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Douglas M. Werman**
Werman Law Office, P.C.
77 West Washington
Suite 1402
Chicago, IL 60602
(312) 419-1008
 Fax: 312-419-1025
Email: dwerman@flsalaw.com

**Maureen Ann Bantz**
Werman Law Offices, PC
77 W. Washington
Suite 1402
Chicago, IL 60602
(312) 419-1008
Email: mbantz@flsalaw.com


s/Todd D. Steenson


# 5117760_v1